

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2007

# USA v. Peralta

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4550

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Peralta" (2007). *2007 Decisions.* Paper 1350.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1350

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-4550

UNITED STATES OF AMERICA

v.

OSCAR PERALTA,
Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 05-cr-00159)
District Judge: Hon. Gene E.K. Pratter

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 26, 2007

Before: McKEE, ALDISERT, *Circuit Judges*, and RESTANI,[*]

(Filed April 5, 2007)
_____

OPINION

McKEE, *Circuit Judge.*

Oscar Peralta appeals the sentence that was imposed following his guilty plea to

the charge of conspiracy to distribute in excess of one kilogram of cocaine.  Because we

find that there are no non-frivolous issues present on the record, we will dismiss the

_____

[*]      The Honorable Jane A. Restani, Chief Judge of the International Court of
Trade, sitting by designation.

appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967).[1]

Because we write primarily for the parties, we need not recite the underlying facts or procedural history of this case. It is sufficient to note that the parties agree that the applicable guideline range for Peralta's offense is between thirty-seven and forty-six months imprisonment and that defense counsel requested a downward departure of between twenty-seven and thirty-three months. Peralta was subsequently sentenced to thirty-three months imprisonment.

We review Peralta's sentence to see if it was reasonable pursuant to 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 261 (2005). The burden of establishing unreasonableness is on Peralta, and due deference must be afforded the district court's judgment. *United States v. Cooper*, 437 F.3d 324, 330, 332 (3d Cir. 2006).

Peralta's appellate counsel has filed an *Anders* brief stating that he is unable to identify any non-frivolous issue for review. Counsel who "finds [a] case to be wholly frivolous after a conscientious examination" of the case, must so advise the court and request permission to withdraw. *Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's request must be accompanied by a "brief referring to anything in the record that might arguably support the appeal." *Id.* Accordingly, the brief must identify any "issue arguably supporting the appeal even though the appeal was wholly frivolous," *Smith v. Robbins*, 528 U.S. 259, 285 (2000), "explain why the issues are frivolous," *United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000), and show that counsel

---

[1] The district court has jurisdiction pursuant to 18 U.S.C. § 3231 We have jurisdiction pursuant to 28 U.S.C. § 1291.

"thoroughly scoured the record in search of appealable issues." *Id.* at 780; *see also*

*United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

Counsel's *Anders* brief here refers us to the portions of the record that arguably

present non-frivolous issues and counsel identifies the following issues for our

consideration: (1) Did the district court abuse its discretion by failing to grant a further

reduction of sentence from the prescribed Guideline range? (2) Is Peralta entitled to a

downward adjustment based on his minor or minimal role in the offense? Counsel

believes that any assertion of error on these issues would be frivolous, and we agree.

Peralta's assertion that the district court failed to consider the likelihood that he

would be further detained following his incarceration while awaiting removal from the

United States is clearly without merit. The district court specifically stated that it was

"not adverse" to taking this circumstance into consideration. App. 16. In addition, since

Peralta was sentenced to thirty-three months, a term within the range requested by

defense counsel, we can not say that it was unreasonable to refrain from imposing a lower

sentence.

Similarly, Peralta's allegedly minor or minimal role in the conspiracy does not

justify a downward adjustment in his sentence. We review the failure to award such a

departure for plain error since Peralta did not object at sentencing. *United States v.*

*Cianci*, 154 F.3d 106, 111 (3d Cir. 1998). For this adjustment to be applicable, Peralta

would have to demonstrate that his "involvement, knowledge and culpability were

materially less than those of other participants." *United States v. Brown*, 250 F.3d 811,

819 (3d Cir. 2001). Peralta's role is not rendered "minor" merely because other

participants in the scheme such as the shipper in Guatemala may have been more culpable. *See United States v. Brown*, 250 F.3d 811, 819 (3d Cir. 2001). Peralta arranged with an undercover agent to pick up $15,000 worth of cocaine for resale. His co-defendant had a more limited role in the conspiracy than Peralta. Accordingly, no downward adjustment for a minor or minimal role in the offense is appropriate.

Moreover, we note that Peralta's counsel supplied Peralta with a copy of his *Anders* brief and Peralta was given time to raise any non-frivolous argument in a *pro se* brief. No such brief was filed.

For the reasons set forth above, we will dismiss this appeal. The motion to withdraw as counsel is hereby granted.